## DONAHUE v. WAGNER.

1. **Promissory Note:** SIGNATURE DENIED AND FORGERY ALLEGED: EVIDENCE UNDER ISSUES. Where, ın an action on a promissory note, the defendant denies the execution of the note and alleges that his signature thereto was forged, he may show all business transactions between. the parties to the instrument which in any way tend to affect the question as to whether he made the note,—such, for example, as tend to show that there was no consideration to induce the making of the note, —without setting out such evidence in his answer.

2. **Practice in Supreme Court:** WHEN TRANSCRIPT NOT CONSULTED. Where parties agree as to a portion of the evidence, but disagree as to the rest, and the cause must be reversed for errors in the evidence thus agreed on, this court will not consult the transcript as to the evidence in dispute for the purpose of passing upon questions arising upon such evidence.

*Appeal from Lyon District Court.*

THURSDAY, MARCH 18.

THIS is an action upon a promissory note and an account. There was a trial by jury. A verdict was returned for the plaintiff for the amount of the note, and for the defendant upon the account. From a judgment rendered upon the verdict the defendant appeals.

*Van Wagenen & McMillan*, for appellant.

*Welch & Welch*, for appellee.

ROTHROCK, J.—I. The promissory note in controversy purports to have been signed by the defendant on the twenty-fourth day of January, 1881. It is made payable to A. C. Welch, or order, in two years from its date. The plaintiff claims that the note was transferred to him, for value, on the same day on which it was executed. The defendant answered, denying the execution of the note, and alleging that it is a

1. PROMISSORY note: signature denied and forgery alleged: evidence under issues.

forgery, and that the plaintiff is not the real party in interest, because the note still belongs to Welch, the payee.

The burden was on the plaintiff to prove that the defendant executed the note. He introduced Welch as a witness, who, among other things, testified that the defendant was indebted to him for a team, wagon and harness, which belonged to Welch, and which the defendant sold for him, and received the money, and gave a note of which the note in suit is a renewal. There was evidence to the effect that the defendant signed the note, and testimony of experts who gave their opinions that the signature was in the handwriting of the defendant. The defendant testified that he did not sign the note, and introduced expert evidence which tended to support his defense. He also offered to prove that the harness belonged to him, and the wagon belonged to a sewing-machine company, and that the team was partnership property belonging to himself and Welch. This testimony was offered to contradict the testimony of Welch, and to show a want of consideration for the note as a circumstance tending to support the plea of forgery. The evidence was excluded upon motion of the plaintiff, and the defendant complains of this ruling as erroneous. The ruling of the court was accompanied by another order by which the testimony of Welch, so far as it related to the team, was stricken from the record and withdrawn from the jury. This ruling was occasioned by a statement of plaintiff's counsel that the price of the team did not enter into the note. Why counsel put the principal witness in the case in this position we are unable to determine.

It appears to us that, notwithstanding the testimony of Welch was stricken out, the defendant should have been permitted to show that there was no consideration for the note, as bearing upon the defense of forgery. It is a most unusual thing for persons to make promissory notes without some consideration. Under a plea of forgery it surely would be competent for the defendant to prove that he was not at the

place at the time at which the instrument was executed; that he could not write; that there had never been any business transaction between himself and the payee which formed the basis for the note. So, in the case at bar, we think the defendant should have been permitted to show all business transactions between the parties to the instrument which in any way tended to affect the question as to whether he made the note; and it was not necessary that he should set out this evidence in his answer.

II.    There are several other questions raised in the argument of the case which we do not determine, because counsel **2. PRACTICE in supreme court: when transcript not consulted.** have failed to agree upon the evidence bearing upon the questions. They make such an issue in their abstracts as to require us to resort to the transcript, and we must decline to do so only so far as is necessary. Having found that the judgment must be reversed for the error above pointed out, we go no further in the case.

REVERSED.